[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage on the grounds that the marriage of the parties has broken down irretrievably. By way of relief the plaintiff claims:
1. A dissolution of the marriage;
2. Custody of the minor child;
3. Support for the minor child;
4. Alimony; CT Page 758
5. Exclusive use and possession of the 1987 Ford LTD;
 6. Exclusive use and possession of the marital residence and its contents;
7. An allowance to prosecute; and
 8. Such other relief as the Court may deem just and proper.
The defendant, by way of counterclaim, admits that the marriage has broken down irretrievably and claims by way of relief:
1. A dissolution of the marriage;
2. Custody of the minor child;
3. Support for the minor child;
 4. An assignment of the plaintiff's estate in accordance with Connecticut General Statutes section 46b-81; and
 5. Such other relief as the Court may deem just and proper.
FACTS
The plaintiff, whose maiden name was Debra J. Lord, and the defendant intermarried at Niantic, Connecticut on June 11, 1977. At least one of the parties to this action has resided in the State of Connecticut for at least one year next prior to the date of the complaint. The marriage between the parties has broken down irretrievably and there is no hope of reconciliation. There is one minor child that has been born issue of the marriage, Lauren L. Darling, born September 18, 1982. No other minor children have been born to the plaintiff wife since the date of the marriage. Neither the plaintiff nor the defendant is presently receiving state's assistance. The marriage between the parties has broken down irretrievably with no reasonable prospects of reconciliation.
While the parties are in agreement that the marriage has broken down irretrievably with no reasonable prospects of reconciliation, they are in disagreement as to who was at fault for the breakdown. From the evidence presented the Court finds that the plaintiff and the defendant are equally at fault for the breakdown of the marriage. CT Page 759
The family residence located at 3 1/2 B Lane, Waterford, Connecticut, was constructed primarily by the defendant over a period of approximately one year, commencing approximately five years ago. Other than for the electrical work and the painting work, the defendant was responsible for the construction of most of the remaining home. The lot upon which the family home exists was acquired for $5,000.00 from the plaintiff's brother. The family home is in the plaintiff's name only. The Court finds that the fair market value of the family home, including the lot, is $170,000.00. There is no mortgage on the family home. A certificate of occupancy has not been issued for the family home. The plaintiff claims that it would cost $7,990.00 in order to do the work necessary for a certificate of occupancy to be issued. The defendant claims that it would cost approximately $300.00 in materials and would take approximately twenty-four hours of labor in order to bring the house up to code so that a certificate of occupancy could be issued, and the defendant has offered to provide such material and labor.
Plaintiff is presently employed at a florist shop where she has a weekly gross income of $280.00 and a net income of $225.58. For the previous ten to twelve years the defendant has been a self-employed contractor framing houses, doing remodeling work, roofing and siding work. He does not have any employees at the present time and intends to go to work for another contractor. His present gross weekly income is $250.00, from which he deducts withholding tax of $35.00 weekly and FICA (which he is currently not paying) of $22.78 weekly, for a net weekly income of $192.22. The orders which the Court is entering in this matter are based on the present weekly income shown by the defendant and has not taken into consideration the defendant's proposed new employment or what the defendant will earn with that proposed new employment.
On May 30, 1989, the defendant was ordered to pay real estate taxes as due without prejudice on the family residence. Those taxes have not been paid and there is presently due and owing to the Town of Waterford the sum of $1,612.86 for real estate taxes. There is also due to the Town of Waterford the sum of $1,610.00 for municipal sewers (that expense was incurred approximately five years ago when the family residence was built) and the sum of $794.00 to the Water Pollution Control Authority for the cost of connecting sewer to the family residence.
The plaintiff presently owes legal fees in the amount of $6,500.00; Master Card, the sum of $371.24; and Bill Kent, the sum of $141.75. The defendant presently owes Marine Midland the sum of $9,000.00, used to finance the boat owned CT Page 760 by the defendant; legal fees in the amount of $3,000.00; and Edmund Darling the sum of $4,000.00.
The plaintiff owns a 1987 Ford that has a value of $8,500.00 with no loan thereon, and in addition owns household furnishings with a value of $5,000.00 and has an account at the New London Federal Bank with a balance of $90.00. The defendant owns a 1981 Ford truck with a value of $150.00. He also owns tools and equipment with a value of $3,000.00, has a checking account at Coastal Savings with a balance of $205.00 and a savings account at Coastal Savings with a balance of $220.00 and has a 1988 Winner boat with a value of $8,000.00.
The parties are in agreement that money is owed to the Internal Revenue Service for prior calendar years on income tax. The parties are in dispute as to who is legally responsible for the payment of such taxes.
The defendant presently suffers from allergies. He has an injury to his left wristbone that will eventually require surgery.
LAW
This Court has considered and weighed the factors set forth in section 46b-81 (c) in determining the issues of assignment of property and has considered and weighed the factors set forth in section 46b-82 in determining alimony. This Court has also considered and weighed the factors set forth in section 46b-62 in determining whether to grant attorneys' fees. This Court has also considered and weighed the factors set forth in section 46b-84 in determining support.
ORDER
This Court hereby enters the following orders:
1. The marriage of the parties in this action is hereby declared dissolved on the grounds of irretrievable breakdown, and each of the parties is hereby declared to be single and unmarried.
2. The plaintiff is awarded sole custody of the minor child, and the defendant shall have reasonable rights of visitation which shall include Thursdays from 6:00 p. m. to 8:00 p. m.; alternating Fridays from 6:00 p. m. to Sundays at 6:00 p. m. In addition, the parties shall alternate holidays in the following manner: CT Page 761
Date Holiday Party
Monday, September 3, 1990 Labor Day Plaintiff Monday, October 8, 1990 Columbus Day Defendant Monday, November 12, 1990 Veterans' Day Plaintiff Thursday, November 22, 1990 Thanksgiving Day Defendant Tuesday, December 25, 1990 Christmas Day Plaintiff Tuesday, January 1, 1991 New Year's Day Defendant Monday, January 21, 1991 Martin Luther King Day Plaintiff Tuesday, February 12, 1991 Lincoln Day Defendant Monday, February 18, 1991 Washington's Birthday Plaintiff Good Friday Defendant Monday, May 27, 1991 Memorial Day Plaintiff Thursday, July 4, 1991 Independence Day Defendant
On the holidays that the defendant shall have the right of visitation, such visitation shall be from 8:00 a.m. to 8:00 p. m. Commencing Labor Day 1991, the parties will reverse the order of holidays.
3. In accordance with the support guidelines, the defendant is ordered to pay the plaintiff $51.89 as support. A contingent wage execution is ordered in accordance with section 52-362. This order is entered based on the defendant's present net weekly income of $192.22. The defendant is ordered to provide to the plaintiff on a quarterly basis commencing January 2, 1991 and quarterly thereafter copies of his W-2 forms and/or copies of his weekly paycheck, or whatever other financial information is available to show what his gross and net weekly earnings have been for the prior three month period. In addition, the defendant is to provide the plaintiff with a certified copy of the defendant's income tax return commencing April 15, 1991 and annually thereafter.
4. The defendant is to provide CMS/Blue Cross or its equivalent for the benefit of the minor child and the parties are to divide equally any unreimbursed medical, dental, orthodonture, optometric or other health related expenses.
5. The plaintiff is to receive the minor child as a tax exemption.
6. No alimony is awarded in favor of either party.
7. The plaintiff is awarded exclusive use and possession of the family residence. The family residence is to be sold upon the earliest of the following events:
a. Death of the plaintiff; CT Page 762
b. Remarriage of the plaintiff;
 c. The minor child reaching the age of eighteen;
 d. The family residence ceasing to be the primary residence of the plaintiff.
The plaintiff is responsible for the payment of real estate taxes and normal house maintenance expenses until the house is sold that are incurred from this date forward. The proceeds of the sale of the family residence are to be allocated as follows:
 a. Payment of customary closing costs, real estate agency fees and other customary closing expenses.
 b. The balance of the proceeds are to be divided with the plaintiff wife to receive 60 percent and the defendant husband to receive 40 percent.
8. The plaintiff wife is awarded sole ownership, custody and possession of all furniture at the family residence and the defendant is awarded sole custody and ownership of all of his tools and equipment at the family residence.
9. The plaintiff is awarded sole custody and ownership of the 1987 Ford LTD and of her account at the New London Federal Savings Bank. The defendant is awarded sole custody and ownership of his 1981 Ford truck, his 1988 Winner boat and his checking and savings accounts at the Coastal Savings.
10. The defendant is ordered to pay his support arrearage which amounts to $220.00 at the rate of $20.00 per week.
11. Each party is to pay their own attorney's fees.
12. No order is entered by the Court regarding the plaintiff's request to be adjudged an Innocent Spouse (section 6013 of the Internal Revenue Code) for the joint income tax return for 1984-1987 inclusive.
13. The defendant is to either pay for or make arrangements to do the necessary work for the plaintiff to CT Page 763 obtain the required certificate of occupancy within sixty days.
14. The defendant is ordered to pay the back real estate taxes owed to the Town of Waterford within sixty days.
15. The plaintiff is to be solely responsible for the payment of her legal fees, Master Card debt, and debt to Bill Kent, all as shown on her financial affidavit and is to hold the defendant harmless therefrom.
16. The defendant is to be solely responsible for the debt due to Marine Midland, his legal expenses and to Edmund Darling, all as shown on his financial affidavit and is to hold the plaintiff harmless therefrom.
17. The parties are to be equally responsible for the payment due to the Town of Waterford Water Pollution Control Authority and the debt due to the Town of Waterford for sewer installation, both of which are shown on the plaintiff's financial affidavit. Each party is to hold the other party harmless insofar as the liability of each party to only pay one half of such debts.
AXELROD, J.